THE MLNARIK LAW GROUP, INC.
JOHN L. MLNARIK (SBN: 257882)
JAMES T. ERICKSON (SBN: 235630)
2930 Bowers Avenue
Santa Clara, CA 95051
Telephone: (408) 919-0088
Facsimile: (408) 919-0188

Attorneys for Claimant
The Mlnarik Law Group, Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>RICHARD ALAN PIERCE,<br><br>        Debtor. | Chapter 11<br><br>Bankruptcy No.: 21-50957<br><br>**MEMORANDUM IN SUPPORT OF MOTION OF THE MLNARIK LAW GROUP, INC. TO CONVERT DEBTOR'S CASE TO A CASE UNDER CHAPTER 7**<br><br>Date:    January 11, 2022<br>Time:   2:00 p.m.<br>Place:  Via Telephone/Videoconference<br><br>Judge:  HON. STEPHEN L. JOHNSON |

THE MLNARIK LAW GROUP, INC. ("MLG") submits this memorandum in support of its motion to convert RICHARD ALAN PIERCE (the "Debtor") chapter 11 case to a case under chapter 7 as follows:

I. **INTRODUCTION**

The Court should convert Debtor's chapter 11 case to chapter 7 without further delay. Debtor has not taken the necessary steps to stay in chapter 11 by failing to submit timely operating reports, failing to communicate with and maintain counsel, failing to disclose all of his assets, and failing to disclose payments made to creditors just weeks before filing for bankruptcy.

1

Debtor filed this case on July 17, 2021 and was represented by counsel, Arasto Farsad of Farsad Law Office, P.C. (hereinafter together referred to as "Farsad") until the court granted Farsad's motion to be relieved as counsel on November 23, 2021. Debtor's sole purpose for filing chapter 11 went away when he failed to make adequate protection payments on a loan secured by real property commonly known as 194 Lantz Dr., Morgan Hill, CA 95037[1]. Without any other reason to reorganize, conversion of Debtor's case to chapter 7 will protect creditors from Debtor's further fraudulent acts, pay creditors in order of priority, and depending on the recovery of Debtor's claims, pay them in full.

Furthermore, Debtor has not filed monthly operating reports as required by the code and ordered by the court. Debtor has filed just two monthly operating reports, one for the partial month of July and the other for the month of August. All other monthly operating reports are delinquent.

Finally, conversion of Debtor's case to chapter 7, and liquidation of the bankruptcy estate, will efficiently pay creditors in order of priority. Without bankruptcy court supervision and insolvency professionals to perform an orderly liquidation of Debtor's assets and payment of creditors, Debtor will continue to take action to the fraud of creditors. In this bankruptcy case alone[2] Debtor failed to disclose substantial assets, namely his claims against numerous defendants in a pending state court action. Debtor also failed to disclose the payment of liens filed by creditors

---

[1] The Court issued the adequate protection order after hearing on August 17, 2021 and the Court then granted relief from stay in accordance with the order, after Debtor's default, on December 1, 2021

[2] There have been many other bankruptcy cases filed by Debtor and his related entities. This case docket identifies at least six other cases filed by Debtor.

2

Memorandum in Support of Motion to Convert Case 21-50957 to Chapter 7

Case: 21-50957    Doc# 66    Filed: 12/07/21    Entered: 12/07/21 15:01:52    Page 2 of 4

in the underlying state court action just weeks before he filed for bankruptcy[3]. Debtor failed to disclose these important items even when the opportunity presented itself[4].

## II. LEGAL ANALYSIS

Section 1112(b) of the Bankruptcy Code provides for dismissal or conversion of a case under chapter 11 to chapter 7 where an interested party brings a properly noticed motion and demonstrates good cause. In this case, cause is present as discussed above, under §1112(b)(4)(A) unlikelihood of rehabilitation, §1112(b)(4)(B) gross mismanagement of the estate, and §1112(b)(4)(E) failure to comply with an order of the court or §1112(b)(4)(F) unexcused failure to timely file and report. The Court need only find one example of cause and in this particular case there are more than one available.

Section 1112(b) also provides that the Court should determine whether conversion or dismissal is in the best interest of creditors and the estate. As discussed above, Debtor's prior actions demonstrate why continued supervision of the estate and payment of creditors is perhaps not only beneficial, but also necessary in this case. With the supervision of the Court and the skills of bankruptcy professionals, a chapter 7 proceeding would ensure the largest number of creditors receiving the largest amount of money in the shortest amount of time.

Having shown cause, the burden shifts to any party opposing conversion to demonstrate how dismissal would be in the best interest of the creditors and the estate. Here, there would seem to be no indication that creditors would receive anything outside of bankruptcy were the case dismissed.

---

[3] In a declaration dated March 1, 2021, Debtor himself identified a multitude of creditors and opposed payment to Mezzetti Financial Services, Inc. for debts he himself had incurred in operating a sole proprietorship construction business. See Superior Court of California, County of Santa Clara Case No. 19CV343789.

[4] Debtor signed schedules, statement of financial affairs and amendments to these same documents under penalty of perjury. At the same time, Debtor signed a declaration in the state court Civil Case in order to gain court approval of a settlement with one of the defendants there.

3

III.   **CONCLUSION**

The purpose Debtor had when filing for chapter 11 reorganization is gone and the Court should convert this case to chapter 7 because cause is present under §1112(b) and converting the case is in the best interest of the creditors and the estate.

**THE MLNARIK LAW GROUP, INC.**

Dated: December 6, 2021

/s/ *John L. Mlnarik*
John L. Mlnarik
Attorneys for Claimant