THE MLNARIK LAW GROUP, INC.
JOHN L. MLNARIK (SBN: 257882)
JAMES T. ERICKSON (SBN: 235630)
2930 Bowers Avenue
Santa Clara, CA 95051
Telephone: (408) 919-0088
Facsimile: (408) 919-0188

Attorneys for Claimant
The Mlnarik Law Group, Inc.

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

IN RE:

RICHARD ALAN PIERCE,

                Debtor.

) Chapter 11
)
) Bankruptcy No.: 21-50957
)
)
) **DECLARATION IN SUPPORT OF**
) **MOTION OF THE MLNARIK LAW**
) **GROUP, INC. TO CONVERT DEBTOR'S**
) **CASE TO A CASE UNDER CHAPTER 7**
)
) Date:      January 11, 2022
) Time:      2:00 p.m.
) Place:     Via Telephone/Videoconference
)
) Judge:    HON. STEPHEN L. JOHNSON
)
)
)

      THE MLNARIK LAW GROUP, INC. ("MLG") through its principle, John L. Mlnarik

submits this declaration in support of its motion to convert RICHARD ALAN PIERCE (the

"Debtor") chapter 11 case to a case under chapter 7.

1.  My name is John L. Mlnarik and I am an attorney licensed to practice in the state of

California and before this court.

2.  I am a principle at MLG and have personal knowledge of the follow facts. If called to testify

I would do so competently and from my own personal knowledge.

1

Declaration in Support of Motion to
Convert Case to a Case Under Chapter 7

3. Richard Allan Pierce, the Debtor in this case filed a complaint in California Superior Court, County of Santa Clara, Case No. 19CV343789 on February 25, 2019 listing causes of action against numerous defendants for 1) Negligence, 2) Strict Products Liability, 3) Wrongful Death, and 4) Survivor's Action (pursuant to C.C.P. §377.30). Attached hereto as Exhibit A is a true and correct copy of Debtor's complaint.

4. Sometime in early 2021, Debtor reached settlement with one of the defendants for an undisclosed sum of money. The settlement was submitted to the California State Court for approval and the settlement agreement was filed under seal according to its terms for confidentiality.

5. On March 1, 2021 Debtor caused to be filed, his declaration in support of a motion to approve the settlement and dispute certain lien claims filed in the action by Mezzetti Financial Services, Inc. Attached hereto as Exhibit B is a true and correct copy of Debtor's March 1, 2021 declaration.

6. Within months of requesting court approval of the settlement, funds were paid to Mezzetti Financial Services, Inc. in consideration of debts owed by Debtor. Still other funds were deposited with the California State Court to be held while Debtor and Creditor resolved whatever dispute they had among them concerning payment of the funds.

7. Attached hereto as Exhibit C is an Amended Order dated 4/8/2021 of the California State Court approving the settlement and payment of the Mezzetti Financial Services, Inc. claim with the remaining proceeds to be distributed to Debtor.

8. Attached hereto as Exhibit D is a true and correct copy of the California State Court receipt showing the deposit of $62,424.60 in accordance with the 4/8/2021 Amended Order.

2

Case: 21-50957    Doc# 67    Filed: 12/07/21    Entered: 12/07/21 15:03:47    Page 2 of 32

1    9.   All of these and other documents in the Debtor's California State Court Action are available

2         on line at https://portal.scscourt.org/search by searching by Case No. and clicking on the

3         "Events" tab.

4         I declare, under penalty of perjury of the laws of the United States and the State of California

5    that the foregoing is true and correct.

6

7

8    Dated: December 6, 2021                     */s/ John L. Mlnarik*
                                                  John L. Mlnarik
9                                                 Attorneys for Claimant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

Declaration in Support of Motion to
Convert Case 21-50957 to Chapter 7

# EXHIBIT A

E-FILED
2/25/2019 3:03 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
19CV343789
Reviewed By: M Vu

1  John Kevin Crowley (SBN 88189)
   **ATTORNEY AT LAW**
2  125 S. Market Street, Suite 1200
   San Jose, CA 95113-2288
3  Telephone: (408) 288-8100
   Facsimile: (408) 288-9409
4
5  **Attorney for Plaintiffs**
   RICHARD PIERCE, individually and as successor-in-interest
6  to the ESTATE OF STACEY PIERCE, and BRANDON PIERCE

7

8            **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **IN AND FOR THE COUNTY OF SANTA CLARA**

10                    **CIVIL DIVISION – UNLIMITED**

11

12
   RICHARD PIERCE, individually and as         Case No.:   19CV343789
13 successor-in-interest to the ESTATE OF
   STACEY PIERCE, and BRANDON PIERCE,          **COMPLAINT FOR DAMAGES:**
14
15       Plaintiffs,                            1. **Negligence;**
                                                2. **Strict Products Liability;**
16       vs.                                    3. **Wrongful Death (Pursuant to C.C.P. §377.60); and,**
17 RAINCROSS FUEL & OIL, INC.; NOURI D.         4. **Survivor's Action (Pursuant to C.C.P. §377.30).**
   HIJAZI a.k.a. NOUR D. HIJAZI; ESTATE OF
18 NOURI D. HIJAZI, a.k.a., ESTATE OF
   NOUR D. HIJAZI; ESTATE OF DANUTA
19 HIJAZI; MARK SCHECK, as Personal
   Representative of the ESTATE OF NOURI        **DEMAND FOR JURY TRIAL**
20 HIJAZI; LORI SCHECK, as Personal
   Representative of the ESTATE OF NOURI
21 HIJAZI; HIJAZI LIVING TRUST; RICHARD
   PIERCE as Trustee of the HIJAZI LIVING
22 TRUST, and DOES 1 through 75, inclusive,
23
         Defendants.
24

25       Plaintiffs RICHARD PIERCE, individually and as successor-in-interest to the

26 ESTATE of STACEY PIERCE, and BRANDON PIERCE, bring this Complaint for

27 causes of action against Defendants, and each of them, including DOES 1 through 75,

28 inclusive, and allege as follows:

                              COMPLAINT FOR DAMAGES

## **GENERAL ALLEGATIONS**

1. The true names and capacities, whether individual, corporate or otherwise, of Defendants DOES 1 through 75, inclusive, are unknown to Plaintiffs at this time, and therefore, Plaintiffs sue said Defendants by such fictitious names. Plaintiffs will request leave of the Court to amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated as a DOE is responsible in some manner for the events and happenings herein referred to and caused injury and damage proximately thereby to Plaintiffs as herein alleged.

2. At all times mentioned herein, each of the Defendants, including DOES 1 through 75, inclusive, were the agents and employees of each of the remaining Defendants and at all times acted within the purpose and scope of their agency and employment, and each Defendant has ratified and approved the acts of his or her agent, and that each and every Defendant, including DOES 1 through 75, inclusive, when acting as a principal, were negligent in the selection, hiring, training, supervision, and retention of each and every other Defendant as an agent, employee, and/or joint venture.

3. Plaintiff RICHARD PIERCE is and, at all times relevant herein, was a resident of Santa Clara County, State of California.

4. Plaintiff BRANDON PIERCE is and, at all times relevant herein, was a resident of Santa Clara County, State of California.

5. Plaintiff RICHARD PIERCE is the surviving spouse of Decedent, STACEY PIERCE, and therefore is entitled to bring this wrongful death action pursuant to C.C.P. §377.60(a) and as the Decedent's successor-in-interest pursuant to C.C.P. §§377.11 and 377.32.

6. Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein Defendants NOURI D. HIJAZI a.k.a. NOUR D. HIJAZI and DOES 1-10

is/are, and at all times relevant herein, was/is an individual residing in the County of Santa Clara, State of California.

7.  Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, Defendants ESTATE OF NOURI D. HIJAZI a.k.a. ESTATE OF NOUR D. HIJAZI, ESTATE OF DANUTA HIJAZI, HIJAZI LIVING TRUST and DOES 11-20, is/are, and at all times relevant herein, was/is an estate and/or trust established in the County of Santa Clara, State of California and are the successors-in-interest of the assets of Defendant NOURI D. HIJAZI a.k.a. NOUR D. HIJAZI.   Plaintiffs sue RICHARD PIERCE in his capacity as the trustee of the HIJAZI LIVING TRUST. Defendants MARK SHECK and LORI SHECK are the personal representatives of the Defendant ESTATE OF NOURI HIJAZI.

8.  Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein Defendant RAINCROSS FUEL & OIL, INC., and DOES 21-25, is and/or was a California corporation engaged in the business of manufacturing, modifying, procuring, delivering and selling aircraft fuel and supplies in the State of California.

9.  Plaintiffs are informed and believe, and thereupon allege, at all times relevant herein that Defendants DOES 26-75 (unknown aircraft repair and/or supply and/or maintenance services, businesses and/or personnel) were engaged in the business of repairing, maintaining, inspecting, servicing, supplying, safety certifying, and/or otherwise providing for the care, material supply and/or maintenance of aircraft so as to insure their airworthiness and flight safety in the State of California.

10.   Plaintiffs are informed and believe, and thereupon allege, at all times relevant herein that Defendants NOURI D. HIJAZI a.k.a. NOUR D. HIJAZI and/or the ESTATE OF NOURI D. HIJAZI and DOES 1-20 were the registered owners and/or lessees of the 1974 Cessna T310Q twin-engine aircraft, U.S. identification number N1246G (hereinafter "SUBJECT AIRCRAFT").

11. Plaintiffs are informed and believe, and thereupon allege, that on February

27, 2017, Decedent STACEY PIERCE was a seat-belted passenger aboard the SUBJECT AIRCRAFT, piloted by then 84-year-old, Defendant NOURI D. HIJAZI, and DOES 1-20. The SUBJECT AIRCRAFT was bound for Norman Y. Mineta, San Jose International Airport (SJC) from Riverside Municipal Airport (RAL), Riverside, California. Additional passengers onboard the SUBJECT AIRCRAFT were DANUTA HIJAZI, Silvia C. Farelas and Adine Elaine Farelas, a total of five (5) persons in all.

12.  Plaintiffs are informed and believe, and thereupon allege, that the above-described flight of the SUBJECT AIRCRAFT was to be made under Instrument Flight Rules (IFR) flight plan due to inclement weather conditions.

13.  Plaintiffs are informed and believe, and thereupon allege, that pilot HIJAZI, STACEY PIERCE and the passengers were returning home to San Jose after a brief visit in Southern California to attend a cheerleading competition at Disneyland that involved RICHARD PIERCE AND STACEY PIERCE's daughter and another family member.

14.  Plaintiffs are informed and believe, and thereupon allege, that the pilot, Defendant NOURI D. HIJAZI, and DOES 1-20, completed a walk-around inspection of the SUBJECT AIRCRAFT before it was boarded. Defendant NOURI D. HIJAZI, and DOES 1-20, started the right engine and then attempted several times to start the left engine but was unsuccessful. Defendants then deplaned the passengers twice before he was able to start the left engine.

15.  Plaintiffs are informed and believe, and thereupon allege, that once onboard the SUBJECT AIRCRAFT, NOURI D. HIJAZI, and DOES 1-20, was/were given IFR departure instructions by RAL air traffic/ground controllers. Further, Plaintiffs are informed and believe, and thereupon allege, that NOURI D. HIJAZI, and DOES 1-20, was/were given IFR instructions multiple times by the air traffic/ground controllers before HIJAZI was able to recite them correctly.

16.  Plaintiffs are informed and believe, and thereupon allege, that Defendant

NOURI D. HIJAZI, and DOES 1-20, was/were confused and disoriented in his communications with RAL air traffic/ground controllers, and further, Defendant HIJAZI required progressive taxi instructions to reach the active runway. Ultimately, RAL cleared Defendant NOURI D. HIJAZI, and DOES 1-20, for take-off.

17. Plaintiffs are informed and believe, and thereupon allege, that upon lift-off the SUBJECT AIRCRAFT began an ascending left turn as it entered the clouds. Thereafter, the SUBJECT AIRCRAFT descended toward the ground with its left wing lowered. The SUBJECT AIRCRAFT then crashed into residential homes which ignited flames that engulfed the plane and home(s).

18. Plaintiffs are informed and believe, and thereupon allege, that prior to the flight on February 27, 2017, the SUBJECT AIRCRAFT was fueled by Defendants RAINCROSS FUEL & OIL, INC., and DOES 21-25, and/or its employees, agents or contractors.

19. Plaintiffs are informed and believe, and thereupon allege, that prior to the fatal flight on February 27, 2017, the SUBJECT AIRCRAFT was repaired, maintained, inspected, serviced, and safety certified as airworthy and safe for flight by Defendants DOES 26-75 (as yet unknown aircraft repair and/or supply and/or maintenance services, businesses and/or personnel).

20. Plaintiffs are informed and believe, and thereupon allege, that as a result of the SUBJECT AIRCRAFT's crash on February 27, 2017, Decedent STACEY PIERCE sustained grave physical injuries and burns throughout her entire body, and which eventually killed her on March 9, 2017.

### FIRST CAUSE OF ACTION
### NEGLIGENCE
### (Against All Defendants)

21. Plaintiffs reallege and incorporate herein by reference, as though fully set forth at length, each and every allegation of paragraphs 1-20, inclusive.

COMPLAINT FOR DAMAGES

22. Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, Defendants NOURI D. HIJAZI, ESTATE OF NOURI D. HIJAZI, and DOES 1-20, inclusive, and each of them; Defendant RAINCROSS FUEL & OIL, INC., and DOES 21-25, inclusive, and each of them; and DOES 26-75 (as yet unknown aircraft repair and/or supply and/or maintenance services, businesses and/or personnel) inclusive, and each of them, owed a duty to persons such as and including Decedent STACEY PIERCE, and Plaintiffs RICHARD PIERCE and BRANDON PIERCE, to competently, reasonably and prudently inspect, repair and maintain the SUBJECT AIRCRAFT and/or to navigate and pilot the SUBJECT AIRCRAFT in such a manner to not create an undue risk of harm to such persons, including the Plaintiffs and Decedent, who might foreseeably use and/or be passengers in the SUBJECT AIRCRAFT.

23. Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, Defendants NOURI D. HIJAZI, ESTATE OF NOURI D. HIJAZI, and DOES 1-20, inclusive, and each of them; Defendant RAINCROSS FUEL & OIL, INC., and DOES 21-25, inclusive, and each of them; and DOES 26-75 (as yet unknown aircraft repair and/or supply and/or maintenance services, businesses and/or personnel) inclusive, and each of them breached their duty to the Plaintiffs and Decedent, and each of them, when they failed to competently, reasonably and prudently inspect, repair, maintain the SUBJECT AIRCRAFT and/or to navigate and pilot the SUBJECT AIRCRAFT in such a manner to not create an undue risk of harm to such persons, including the Plaintiffs and Decedent, who might foreseeably use and/or be passengers in the SUBJECT AIRCRAFT.

24. Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, Defendants NOURI D. HIJAZI, ESTATE OF NOURI D. HIJAZI, and DOES 1-20, inclusive, and each of them; Defendant RAINCROSS FUEL & OIL, INC., and DOES 21-25, inclusive, and each of them; and DOES 26-75 (as yet unknown

aircraft repair and/or supply and/or maintenance services, businesses and/or personnel), inclusive, and each of them, owed a duty to persons such as the Plaintiffs and Decedent, and each of them, to reasonably, competently and prudently hire, train, supervise, manage and/or retain employees and/or independent contractors and/or service providers to inspect, repair, fuel, maintain or otherwise endure and/or certify the safety and airworthiness of the SUBJECT AIRCRAFT.

25.   Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, Defendants NOURI D. HIJAZI, ESTATE OF NOURI D. HIJAZI, and DOES 1-20, inclusive, and each of them; Defendant RAINCROSS FUEL & OIL, INC., and DOES 21-25, inclusive, and each of them; and DOES 26-75 (as yet unknown aircraft repair and/or supply and/or maintenance services, businesses and/or personnel), inclusive, and each of them, breached the duty they owed to the Plaintiffs and Decedent, and each of them, to reasonably, competently and prudently hire, train, supervise, manage and/or retain employees and/or independent contractors and/or service providers to inspect, repair, fuel, maintain or otherwise ensure and/or certify the safety and airworthiness of the SUBJECT AIRCRAFT.

26.   As a direct and proximate result of the above described negligence, careless and/or reckless conduct of Defendants NOURI D. HIJAZI, ESTATE OF NOURI D. HIJAZI, and DOES 1-20, inclusive, and each of them; Defendant RAINCROSS FUEL & OIL, INC., and DOES 21-25, inclusive, and each of them; and DOES 26-75 (as yet unknown aircraft repair and/or supply and/or maintenance services, businesses and/or personnel), inclusive, and each of them, the SUBJECT AIRCRAFT was involved in a fatal crash on February 27, 2017, causing the death of STACEY PIERCE.

27.   As a direct and proximate result of the above described negligence, careless and/or reckless conduct of Defendants NOURI D. HIJAZI, ESTATE OF NOURI D. HIJAZI, and DOES 1-20, inclusive, and each of them; Defendant

RAINCROSS FUEL & OIL, INC., and DOES 21-25, inclusive, and each of them; and DOES 26-75 (as yet unknown aircraft repair and/or supply and/or maintenance services, businesses and/or personnel), inclusive, and each of them, Decedent suffered severe bodily injuries, amputated legs and widespread burns, which caused her excruciating mental and physical suffering for ten (10) days after the crash until she died as a result of her injuries from the crash.

28. As a direct and proximate result of the above described negligence, careless and/or reckless conduct of Defendants NOURI D. HIJAZI, ESTATE OF NOURI D. HIJAZI, and DOES 1-20, inclusive, and each of them; Defendant RAINCROSS FUEL & OIL, INC., and DOES 21-25, inclusive, and each of them; and DOES 26-75 (as yet unknown aircraft repair and/or supply and/or maintenance services, businesses and/or personnel), inclusive, and each of them, Plaintiffs were compelled to, and did, employ the services of hospitals, physicians, surgeons, nurses and other medical providers to care for and treat Decedent for her above-described injuries and did incur hospital, medical, professional and incidental expenses the exact amount of which will be stated according to proof, pursuant to C.C.P. §425.10, which amount is in excess of Fifty-Thousand Dollars ($50,000.00).

29. As a direct and proximate result of the above described negligence, careless and/or reckless conduct of Defendants NOURI D. HIJAZI, ESTATE OF NOURI D. HIJAZI, and DOES 1-20, inclusive, and each of them; Defendant RAINCROSS FUEL & OIL, INC., and DOES 21-25, inclusive, and each of them; and DOES 26-75 (as yet unknown aircraft repair and/or supply and/or maintenance services, businesses and/or personnel), inclusive, and each of them, Plaintiffs have suffered general damages as a result of the SUBJECT AIRCRAFT's crash, the exact amount of which will be stated according to proof, pursuant to C.C.P. §425.10, which amount is in excess of Fifty-Thousand Dollars ($50,000.00).

///

## SECOND CAUSE OF ACTION
### STRICT PRODUCTS LIABILITY
#### (Against Defendants DOES 26-75 [as yet unknown aircraft repair and/or supply and/or maintenance services, businesses and/or personnel])

30.   Plaintiffs reallege and incorporate herein by reference, as though fully set forth at length, each and every allegation of paragraphs 1-29, inclusive.

31.   Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, Defendants DOES 26-75, inclusive, and each of them, engineered, manufactured, fabricated, designed, assembled, distributed, imported, bought, sold, inspected, serviced, repaired, marketed, warranted, supplied, modified, and/or provided the SUBJECT AIRCRAFT and/or some of its component parts.

32.   Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, the SUBJECT AIRCRAFT, including its component parts, was defective in its engineering, manufacture, fabrication, design, assembly, distribution, sale, inspection, servicing, repair, marketing, warranty, supply, modification, and/or provision at the time it left its place of manufacture and/or was offered for sale to the general public by Defendants DOES 26-75, inclusive, and each of them, and that said defects were of such a nature that they would not be discovered in the normal course of inspection and operation by users and/or bystanders thereof.

33.   Plaintiffs are informed and believe, and thereupon allege, that at all times relevant herein, the SUBJECT AIRCRAFT in its aforementioned defective condition, including its component parts, was capable of causing, and did cause, severe personal injuries and death to the ordinary users and/or bystanders thereof while being used in a reasonably foreseeable manner, thereby rendering the SUBJECT AIRCRAFT unsafe and dangerous for use by foreseeable users and/or bystanders thereof.

34.   As a direct and proximate result of the dangerous and defective condition of the SUBJECT AIRCRAFT and its component parts as stated above, the SUBJECT AIRCRAFT crashed on February 27, 2017, which caused the death of Decedent

COMPLAINT FOR DAMAGES

STACEY PIERCE.

35.  As a direct and proximate result of the above described defects, and each of them, Decedent suffered severe bodily injuries, amputated legs and widespread burns, which caused her excruciating mental and physical suffering for ten (10) days after the crash until she died as a result of her injuries.

36.  As a direct and proximate result of the above described defects, and each of them, Plaintiffs were compelled to, and did, employ the services of hospitals, physicians, surgeons, nurses and other medical providers to care for and treat Decedent for her above-described injuries and did incur hospital, medical, professional and incidental expenses the exact amount of which will be stated according to proof, pursuant to C.C.P. §425.10, which amount is in excess of Fifty-Thousand Dollars ($50,000.00).

37.  As a direct and proximate result of the above described defects, and each of them, Plaintiffs have suffered general damages as a result of the SUBJECT AIRCRAFT's crash, the exact amount of which will be stated according to proof, pursuant to C.C.P. §425.10, which amount is in excess of Fifty-Thousand Dollars ($50,000.00).

### THIRD CAUSE OF ACTION
### WRONGFUL DEATH PURSUANT TO C.C.P. §377.60 – NEGLIGENCE
### (Against All Defendants)

38.  Plaintiffs reallege and incorporate herein by reference, as though fully set forth at length, each and every allegation of paragraphs 1-37, inclusive.

39.  At all times relevant herein, Plaintiff RICHARD PIERCE was the husband of Decedent STACEY PIERCE.

40.  At all times relevant herein, Plaintiff BRANDON PIERCE was the biological son of Decedent STACEY PIERCE.

41.  At all times relevant herein, Plaintiffs are the surviving heirs at law of

COMPLAINT FOR DAMAGES

Decedent STACEY PIERCE.

42. As a direct and proximate result of the foregoing acts and omissions of ALL DEFENDANTS, including DOES 1-75, inclusive, which resulted in the death of Decedent STACEY PIERCE, Plaintiffs RICHARD PIERCE and BRANDON PIERCE have been deprived of a kind and loving wife and mother, and of her care, comfort, society, protection, love, companionship, affection, solace, moral support and physical assistance and thus, have suffered pecuniary loss.

43. As a further direct and proximate result of the death of STACEY PIERCE, her heirs have incurred and paid funeral and burial expenses.

44. As a further direct and proximate result of the foregoing acts and omissions of ALL DEFENDANTS, including DOES 1-75, inclusive, which resulted in the death of Decedent STACEY PIERCE, Plaintiffs have been generally damaged in a sum to be established according to proof, as provided by C.C.P. §§425.10 and 425.11.

## FOURTH CAUSE OF ACTION
### SURVIVOR'S ACTION PURSUANT TO C.C.P. §377.30
#### (Against All Defendants)

45. Plaintiffs reallege and incorporate herein by reference, as though fully set forth at length, each and every allegation of paragraphs 1-44, inclusive.

46. Plaintiff RICHARD PIERCE is the successor in interest to the ESTATE of STACEY PIERCE and is therefore entitled to prosecute this Survivor's Action on behalf of said Estate pursuant to C.C.P. §377.30.

47. Prior to Decedent's death, STACEY PIERCE incurred medical and hospital expenses as a direct and proximate result of the wrongful acts and/or omissions of ALL DEFENDANTS and DOES 1-75, inclusive, and each of them.

48. As a further, direct and proximate result of the wrongful acts and/or

COMPLAINT FOR DAMAGES

omissions of ALL DEFENDANTS and DOES 1-75, inclusive, and each of them, Decedent's future earning capacity in her usual occupation was eliminated.

49. Plaintiffs hereby demand a TRIAL BY JURY.

Wherefore, Plaintiffs demand judgment as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly, severally or in the alternative, as follows:

1. An award of general damages to Plaintiffs according to proof;

2. An award of special damages to Plaintiffs according to proof;

3. An award of pre-judgment interest;

4. All costs of suit; and

5. For such other and further relief as the Court may deem proper.


Dated: February 25, 2019            By:    /s/  John Kevin Crowley
                                           JOHN KEVIN CROWLEY
                                           Attorney for Plaintiffs
                                           Richard Pierce and
                                           Brandon Pierce

COMPLAINT FOR DAMAGES

# EXHIBIT B

1  John Kevin Crowley (SBN 88189)
   **ATTORNEY AT LAW**
2  125 S. Market Street, Suite 1200
   San Jose, CA 95113-2288
3  Telephone: (408) 288-8100
   Facsimile: (408) 288-9409
4  E-mail: jkc@gedlaw.com

5  Attorney for Plaintiff
   **RICHARD PIERCE**

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 3/1/2021 3:36 PM
Reviewed By: F. Miller
Case #19CV343789
Envelope: 5937811

6

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
7  ## IN AND FOR THE COUNTY OF SANTA CLARA
   ## CIVIL DIVISION – UNLIMITED
8

9  RICHARD PIERCE, individually and as
   successor-in-interest to the ESTATE OF
10 STACEY PIERCE, BRANDON PIERCE, an
   individual, BLAINE PIERCE, by her
11 Guardian Ad Litem, RICHARD PIERCE,
   BROOKE PIERCE, by her Guardian Ad
12 Litem, and BRADLEY PIERCE, an
   individual,
13
                        Plaintiffs,
14
   vs.
15
   RAINCROSS FUEL & OIL, INC.; NOURI D.
16 HIJAZI a.k.a. NOUR D. HIJAZI; ESTATE
   OF NOURI D. HIJAZI, a.k.a., ESTATE OF
17 NOUR D. HIJAZI; ESTATE OF DANUTA
   HIJAZI; MARK SCHECK, as Personal
18 Representative of the ESTATE OF NOURI
   HIJAZI; LORI SCHECK, as Personal
19 Representative of the ESTATE OF NOURI
   HIJAZI; MONTEREY BAY AVIATION, INC.
20 dba UNITED FLIGHT SERVICES (DOE 1);
   SERCO, INC. (DOE 2); SERCO GROUP,
21 PLC (DOE 3); DARRELL BLOOMER, an
   individual (DOE 4); MARSHA FISTEROLA,
22 Trustee of the LARRY FISTEROLA AND
   MARSHA FISTEROLA FAMILY TRUST
23 (DOE 5); MARSHA FISTEROLA, as
   Personal Representative of the ESTATE
24 OF LARRY FISTEROLA (DOE 6);
   CORPORATE AIR TECHNOLOGY (DOE
25 7); STEVE FROST (DOE 8), an individual;
   and DOES 9 through 100, inclusive,
26                      Defendants.
27

28

Case No.: 19CV343789

**DECLARATION OF RICHARD PIERCE IN SUPPORT OF PLAINTIFF'S REPLY TO THE OPPOSTION OF MEZZETTI FINANCIAL SERVICES, INC., TO PLAINTIFF'S MOTION TO DETERMINE APPLICATION OF SETTLEMENT FUNDS TO JUDGMENT LIENS (CIV. PROC. CODE §§572, 708.440)**

Date:  March 4, 2021
Time:  9:00 a.m.
Dept.: 2
Judge: Hon. Drew Takaichi

Complaint filed: 2/25/2019
Amended Complaint filed: 10/1/2019

I, Richard Pierce, declare as follows:

1.     I am a plaintiff in the above captioned matter.  The facts set forth herein are of my own personal knowledge and if called upon to testify, I could and would do so competently.   I submit this declaration in support of Plaintiff's Motion to Determine Application of Settlement Funds to Judgment Liens ("Motion") and in Reply to the Opposition to the Motion filed by Mezzetti Financial Services, Inc.

2.     I have read the declaration filed by Jose Mezzetti in opposition to my motion regarding the liens and I wish to clarify any confusion that may be in the record.

3.     I do not contest the Santa Clara County Superior Court, Case No. 1-14-CV271994, entered on July 1, 2015, referred to as the *Gambord* judgment.

4.     I dispute the small claims judgment, identified as the Santa Clara County Superior Court, Case No. 1-15-SC061067, referred to as the *Drake* case and I dispute the San Mateo Judgment referenced as San Mateo County Superior Court, Case No. CIV528738, referred to as the *USS CAL BUILDERS,* case.

5.     First with reference to the small claims *Drake* case: I contest this case because I never got notice of the summons and complaint; as explained by Mr. Mezzetti, the Summons and Complaint was served on my late wife by substituted service.   Our home address at that time was not my business address. I was never informed in any way of the small claims court action being filed or served at my home. I never received any information that *Drake* had served my wife at our home and not my business address.   I never knew of the small claims court action until I was informed by Mr. Mezzetti. The basis of the claim is unfounded because Drake Welding never completed their contractual obligation with me; they breached their obligation and failed to finish the job on time as expressly stated in the contract and I had to bring another sub-contractor onto the job and pay that subcontractor additional funds for services that Drake Welding failed to perform. I should be able to have my day in court on this claim.

6.     Regarding the *USS CAL BUILDERS* cases, the statement of Mr. Mezzetti is not entirely correct. Mr. Mezzetti does not know about this contract, how much I was paid,

1

what job I performed and what happened during the history of this contact.

　　　　　　a.　I was never served with the summons and complaint. Again, the pleadings were served by substituted service at my home and not my business. My wife, who is unavailable to testify due to her death in the Riverside plane crash, never informed me of this lawsuit.

　　　　　　b.　*USS CAL BUILDERS* was hired by San Francisco School District and I was retained as a sub-contractor on that job. *USS CAL BUILDERS* never paid its sub-contractors and San Francisco School District terminated the contract with *USS CAL BUILDERS*. I was one of the "subs" and was never paid my final bill of approximately $300,000. I fully and properly completed all my assigned work on that project but was never paid my final bill. I joined in and am part of the class action lawsuit in San Francisco as affirmed by Mr. Mezzetti in his declaration.

　　　　　　c.　The San Francisco School District is suing *USS CAL BUILERS* for over $25 million in unpaid sub-contractor bills. My claim is one of the sub-contractors involved in that class action. Contrary to what may be stated in Mr. Mezzetti's declaration, the action of *USS CAL BUILDERS* filed against me in San Mateo County, in truth, is part of the San Francisco case. *USS CAL BUILDERS* should not be allowed to split off the class action suit in San Francisco and sue me improperly in San Mateo. The conduct of *USS CAL BUILDERS* in filing an action against me in San Mateo was wrongful, I never got notice and never had an opportunity to correct it.

　　　　　　d.　I have a valid claim for unpaid services as a sub-contractor against *USS CAL BUILDERS* in the San Francisco action and *USS CAL BUILDERS* should not be able to do an "end run" around my valid claim in San Francisco and obtain an improper default judgment against me in San Mateo.

　　　　　　e.　I am requesting of the court to allow me the opportunity to contest the *Drake* and the *USS CAL BUILDERS* action by setting aside the contested funds.

7.　　Being a single father of four children it is imperative that I obtain my contractor's license that Mr. Mezzetti has seize, so that I can support my family. I request

that this court exercise its discretion to assist in resolving the *Drake* and *USS CAL BUILDERS* claims and allow me to obtain my contractor's license from the Contractors Board.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on March 1, 2021, in San Jose, California.

_____
Richard Alan Pierce

DECLARATION OF RICHARD PIERCE IN SUPPORT OF THE REPLY TO MEZZITTI'S OPPOSIOTN TO MY MOTION TO DETERMINE APPLEICATION OF SETTLEMENT FUNDS TO JUDGMENT LIENS

# EXHIBIT C

F. Miller

**EFS-020**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

NAME: John Kevin Crowley 88189

FIRM NAME: John Kevin Crowley

STREET ADDRESS: 125 S. Market Street, Suite 1200

CITY: San Jose    STATE: CA    ZIP CODE: 95113-2288

TELEPHONE NO.: 408-288-8100    FAX NO.: 408-288-9409

E-MAIL ADDRESS: jkclaw@pacbell.net

ATTORNEY FOR (name): Plaintiffs

**FOR COURT USE ONLY**

on 3/11/2021 2:40 PM
Reviewed By: F. Miller
Case #19CV343789
Envelope: 6016266

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara

STREET ADDRESS: 191 N. First Street

MAILING ADDRESS:

CITY AND ZIP CODE: San Jose, CA 95113

BRANCH NAME:

PLAINTIFF/PETITIONER: RICHARD PIERCE, individually and as successo
ESTATE OF STACEY PIERCE, & BRANDON PIERCE

DEFENDANT/RESPONDENT: RAINCROSS FUEL & OIL., INC., et al.

OTHER:

| | |
|---|---|
| **PROPOSED ORDER (COVER SHEET)** | **DEPT.:** 2 |

CASE NUMBER:
19CV343789

JUDICIAL OFFICER:
Drew Takaichi

**NOTE:** This cover sheet is to be used to electronically file and submit to the court a proposed order. The proposed order sent electronically to the court must be in PDF format and must be attached to this cover sheet. In addition, a version of the proposed order in an editable word-processing format must be sent to the court at the same time as this cover sheet and the attached proposed order in PDF format are filed.

1. Name of the party submitting the proposed order:
   Plaintiff, Richard Pierce

2. Title of the proposed order: AMENDED
   ORDER ON PLAINTIFF RICHARD PIERCE'S MOTION TO DETERMINE GOOD FAITH
   SETTLEMENT AND APPLICATION OF SETTLEMENT FUNDS TO JUDGMENT LIENS (CCP
   §708.440.)

3. The proceeding to which the proposed order relates is:
   a. Description of proceeding: Motion for Order
   b. Date and time: March 4, 2021                    9:00 a.m.
   c. Place: Dept. 2; Santa Clara County Superior Court

4. The proposed order was served on the other parties in the case.

John K. Crowley, Esq.                    ▶    s/John K. Crowley, Esq.
_____                       _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
EFS-020 [Rev. February 1, 2017]



**PROPOSED ORDER (COVER SHEET)**
**(Electronic Filing)**

Cal. Rules of Court,
rules 2.252, 3.1312
www.courts.ca.gov

Richard Pierce

| CASE NAME: | CASE NUMBER: |
|---|---|
| Pierce v. Raincross Fuel & Oil, Inc., | 19CV343789 |

## PROOF OF ELECTRONIC SERVICE

### *PROPOSED ORDER*

1. I am at least 18 years old and **not a party to this action.**

   a. My residence or business address is *(specify):*
      125 S. Market Street, Suite 1200
      San Jose, CA. 95113

   b. My electronic service address is *(specify):*
      mariela@gedlaw.com

2. I electronically served the *Proposed Order (Cover Sheet)* with a proposed order in PDF format attached, and a proposed order in an editable word-processing format as follows:

   a. On *(name of person served) (If the person served is an attorney, the party or parties represented should also be stated.):*
      Gary Gardner, Esq. (Riverside Air Service);
      Tim Ryan, Esq. (Corp. Air Technology and Steve Frost)
      (See attachment)

   b. To *(electronic service address of person served):* gardner@skinnerlawgroup.com
                                                          tryan@ryanlg.com

   c. On *(date):* 3/11/2021

   [X] Electronic service of the *Proposed Order (Cover Sheet)* with the attached proposed order in PDF format and service of the proposed order in an editable word-processing format on additional persons are described in an attachment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 11 2021

Mariela Villarreal
**(TYPE OR PRINT NAME OF DECLARANT)**

▶ s/Mariela Villarreal
**(SIGNATURE OF DECLARANT)**



CEB | Essential Forms
ceb.com

Richard Pierce

ATTACHMENT TO FORM EFS-020

Wayne Chinloy, Pres.
Aircraft Exhaust Corporation
5485 NW 22nd Ave.
Tamarae, FL 33309
planexhaust@bellsouth.net


Lance Joseph, Esq.
Lancelaw@att.net
(305) 596-6110
*Attorney for Aircraft Exhaust Corporation*
By email only

Rebecca Weisman, Esq.
Fleishman & Weisman, P.C.
79 Devine Street, Ste. 200
San Jose, California 95110
408-975-1073 Telephone
fwlawoffices.com
*Attorney for Scott Garl (Trustee)*
Served by email only

Garry L. Montanari, Esq.
Michaelis, Montanari & Johnson
4333 Park Terrace Drive, Suite 100
Westlake Village, California 91361
gmontanari@mmjaw.net
Served by email only

Louis J. Cutrone, Esq.
Cutrone & Associates
15260 Ventura Blvd., Suite 670
Sherman Oaks, California 91403
818-344-1732 Telephone
lou@cutronelaw.com
*co-counsel for plaintiff Richard Pierce*
Served by email only

Juliette Nguyen, Esq.
Aaron, Riechert, Carpol & Riffle, APC
333 Twin Dolphin Drive, Suite 350
Redwood City, California 94065

650-368-4662 Telephone
jnguyen@arcr.com
*Attorney: Guardian Ad Litem for Blaine Pierce and Brook Pierce*
Served by email only

Jose Mezzetti
79 Devine Street, Ste. 200
San Jose, California 95110
admin@mezzettifinancial.com
*Representative for Lien Holder*
Served by email only

Leslie Holmes, Esq.
Holmes & Usoz, LLP
333 W. Santa Clara Street, Suite 610
San Jose, California 95113
408-292 7600 Telephone
HULawyers.com
*Attorney for Lien Holder*
Served by email only

Christian Johnson, Esq.
Senior Associate
CLYDE & CO
Four Embarcadero Center, Suite 1350
San Francisco, California 94111
415-365-9800 Office
Christian.Johnson@clydeco.us
*Attorney for Serco Inc. and Serco Group PLC.*


Carl Blaine, Esq.
Wagner, Kirkman, Blaine,
Klomparens & Youmans, LLP
1350 Treat Blvd. STE 400
Walnut Creek, California 94597
925-478-7308
916-920-5286
cblaine@wkblaw.com
*Attorney for Marsha Fisterola*

Filed
April 8, 2021
Clerk of the Court
Superior Court of CA
County of Santa Clara
19CV343789
By: fmiller

1  John Kevin Crowley (SBN 88189)
   **ATTORNEY AT LAW**
2  125 S. Market Street, Suite 1200
   San Jose, CA 95113-2288
3  Telephone: (408) 288-8100
   Facsimile: (408) 288-9409
4  E-mail: jkclaw@pacbell.net

5  Attorney for Plaintiff
   **RICHARD PIERCE**

6

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
7  ## IN AND FOR THE COUNTY OF SANTA CLARA
   ## CIVIL DIVISION – UNLIMITED

8

9  RICHARD PIERCE, individually and as        Case No.: 19CV343789
   successor-in-interest to the ESTATE OF
10 STACEY PIERCE, BRANDON PIERCE, an
   individual, BLAINE PIERCE, by her
11 Guardian Ad Litem, RICHARD PIERCE,
   BROOKE PIERCE, by her Guardian Ad
12 Litem, and BRADLEY PIERCE, an
   individual,                                 **AMENDED ORDER ON PLAINTIFF**
13              Plaintiffs,                     **RICHARD PIERCE'S MOTION TO**
                                               **DETERMINE GOOD FAITH**
14 vs.                                         **SETTLEMENT AND APPLICATION OF**
                                               **SETTLEMENT FUNDS TO JUDGMENT**
15 RAINCROSS FUEL & OIL, INC.; NOURI D.        **LIENS (CCP §708.440.)**
16 HIJAZI a.k.a. NOUR D. HIJAZI; ESTATE
   OF NOURI D. HIJAZI, a.k.a., ESTATE OF
17 NOUR D. HIJAZI; ESTATE OF DANUTA
   HIJAZI; MARK SCHECK, as Personal           Date:  March 4, 2021
18 Representative of the ESTATE OF NOURI       Time:  9:00 a.m.
   HIJAZI; LORI SCHECK, as Personal           Dept.: 2
19 Representative of the ESTATE OF NOURI       Judge: Honorable Drew Takahici
   HIJAZI; MONTEREY BAY AVIATION, INC.
20 dba UNITED FLIGHT SERVICES (DOE 1);
   SERCO, INC. (DOE 2); SERCO GROUP,
21 PLC (DOE 3); DARRELL BLOOMER, an
   individual (DOE 4); MARSHA FISTEROLA,
22 Trustee of the LARRY FISTEROLA AND
   MARSHA FISTEROLA FAMILY TRUST
23 (DOE 5); MARSHA FISTEROLA, as              Complaint filed: 2/25/2019
   Personal Representative of the ESTATE      Amended Complaint filed: 10/1/2019
24 OF LARRY FISTEROLA (DOE 6);
   CORPORATE AIR TECHNOLOGY (DOE
25 7); STEVE FROST (DOE 8), an individual;
26 and DOES 9 through 100, inclusive,
   Defendants.
27

28

AMENDED ORDER ON PLAINTIFF RICHARD PIERCE'S MOTION TO DETERMINE GOOD FAITH
SETTLEMENT AND APPLICATION OF SETTLEMENT FUNDS TO JUDGMENT LIENS

The motions for an order to determine good faith settlement and application of settlement funds to judgment liens filed by Richard Pierce came on for hearing in Department 2 of this Court on March 4, 2021 at 9:00 a.m.

Plaintiff Richard Pierce ("plaintiff" or "Pierce") has filed a motion for determination of good faith settlement. Assignee judgment creditor, Mezzetti Financial Services, Inc. ("MFS") has filed a motion to determine application of settlement funds to judgment liens. MFS's motion does not oppose the settlement entered, but requests an order for payment to MFS of the sums necessary to satisfy the assigned judgment liens from the settlement funds.

No party in the action has submitted opposition to plaintiff's motion for determination of good faith settlement. Hearing on the issue of good faith of settlement pertains to a settlement agreement between plaintiff Pierce and defendants, Serco Inc. and Serco Group, PLC ("settlement agreement"), pursuant to Code of Civil Procedure section 877.6. The parties affected by the settlement are plaintiff, Serco Inc., Serco Group, PLC ("Serco Group") and former Serco Group employee, Darrell Bloomer.

The settlement sum in the settlement agreement is subject to three judgment liens of MFS, as assignee, arising from three actions: Joel and *Dana Gambord Charitable Remainder Trust v. Richard Alan Pierce*, Santa Clara County Case No. 114-CV271994 ("*Gambord*"), *Drake Welding, Inc. v. Richard Alan Pierce dba Pierce Plumbing*, Santa Clara County Superior Court case no. 1-15-SC061067 ("*Drake*") and *USS Cal. Builders, Inc. v. Richard Pierce*, San Mateo County Superior Court case no. CIV538738 ("*USS*").

The settlement agreement is conditioned on the court determining that it constitutes a good faith settlement, and authorizing the settlement and determining the enforceability and recoverable amount of the judgment liens of MFS. Plaintiff, in his reply, does not contest the validity of MFS's lien for the *Gambord* judgment, the amount due as set forth in DFS' motion or the request of MFS for payment from the settling defendants from the settlement funds.

ORDER ON PLAINTIFF RICHARD PIERCE'S MOTION TO DETERMINE GOOD FAITH SETTLEMENT AND APPLICATION OF SETTLEMENT FUNDS TO JUDGMENT LIENS

Plaintiff contests the validity of the Drake and USS judgment liens, and hence, payment to MFS for the same from the settlement funds. If the validity of the contested judgments is not determined at this time, the parties agree to secure DFS' judgment liens by withholding funds from distribution, pending disposition of Pierce's claims that the Drake and USS judgments are invalid in whole or in part. Plaintiff does not address whether he disputes MFS's calculation of the amount that should be withheld. MFS does not provide copies of judgments with information to confirm the calculations.

Having read the motions, the points and authorities and declarations filed by the parties and having issued a tentative ruling where no notice contesting the tentative ruling was received or presented, the Court finds good cause to grant the motions.

IT IS HEREBY ORDERED that:

The motion for determination of good faith settlement is approved. All claims against the Serco Group, Plc., Serco Inc. and Darrell Bloomer for equitable contribution and comparative indemnity arising from the accident that is the subject of the lawsuit and settlement agreement are barred pursuant to Code of Civil Procedure Section 877.6(c).

The Serco Group, Plc. and Serco Inc., shall pay to MFS from the settlement funds, the *Gambord* judgment in the amount of $47,275.40, plus interest at $10.51 per day after February 27, 2021, until paid.

The Court declines to issue ruling on the validity of the *Drake* and *USS* judgments. Plaintiff and MFS shall file the appropriate motion and briefing in this action regarding validity and enforceability of the *Drake* judgment which shall be filed and served 20 days from date of this order at which time it shall be deemed submitted.

The court does not have jurisdiction to determine the validity of the *USS* judgment which is vested with the San Mateo County Superior Court. Accordingly, Serco Group , Plc. and Serco Inc., shall pay into court the sum of $62,424.60 pending resolution of MFS's liens for judgments entered against plaintiff Pierce in *Drake* and *USS*.

Plaintiff shall take prompt action to determine the validity of the *USS* judgment, filing the necessary motion in the San Mateo County Superior Court and providing notice

2

ORDER ON PLAINTIFF RICHARD PIERCE'S MOTION TO DETERMINE GOOD FAITH SETTLEMENT AND APPLICATION OF SETTLEMENT FUNDS TO JUDGMENT LIENS

Case: 21-50957    Doc# 85    Filed: 12/10/21    Entered: 12/10/21 15:23:47    Page 29 of
32

to the judgment creditor and assignee of record. Upon resolution of the validity of the judgments or failure to timely take action to resolve the issue, either party may set a motion with the court for distribution of the withheld funds.

The remaining proceeds from the settlement agreement be distributed to Richard Pierce. After Serco Group, Plc. and Serco Inc. has paid $47,275.40, plus interest at $10.51 per day after February 27, 2021, to MFS and deposited with the Court $62,424.60, Serco Group, Plc. and Serco Inc. shall have no further obligation to pay any portion of the settlement funds to MFS.

IT IS SO ORDERED.

DATED: March 11, 2021

Signed: 3/23/2021 01:28 PM

_____

Honorable Drew Takaichi
Superior Court for the State of California
County of Santa Clara

ORDER ON PLAINTIFF RICHARD PIERCE'S MOTION TO DETERMINE GOOD FAITH SETTLEMENT AND APPLICATION OF SETTLEMENT FUNDS TO JUDGMENT LIENS

# EXHIBIT D

Case: 21-50957    Doc# 67    Filed: 12/07/21    Entered: 12/07/21 15:03:47    Page 31 of
32

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA | FOR COURT USE ONLY |
|---|---|

STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Courthouse - Civil Division

PLAINTIFF/PETITIONER:

**RICHARD PIERCE et al.**

DEFENDANT/RESPONDENT:

**RAINCROSS FUEL & OIL, INC. et al.**

**F I L E D**

JUN 0 2 2021

Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____ R. TIEN _____DEPUTY

| NOTICE OF UNDOCUMENTED ACTION | CASE NUMBER: |
|---|---|
| | **19CV343789** |

Date: **6/2/2021**

☐ $_____ Sanctions received from _____

☐ $_____ Bail received from _____

☐ $_____ Payment received for denied application for waiver of Court filing fees from

applicant/s_____

☐ $_____ Payment for complex fee designation received from party/s _____

_____

☐ $_____ Filing fee paid for _____

☐ Receipt from transfer returned and filed.

☑ Other: **$62,424.60 check deposited per 4/8/2021 Amended Order.** _____

_____

_____

_____

_____

_____

_____

_____

| RESET FORM |
|---|

CV-5025 REV 5/06                    NOTICE OF UNDOCUMENTED ACTION                    Page 1 of 1

Case: 21-50957    Doc# 67    Filed: 12/07/21    Entered: 12/07/21 15:03:47    Page 32 of
32